**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 28, 2024.**



_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| INRE: | § | |
| | § | CASE NO. 24-50029-MMP |
| JIMMY RAY LEWIS, JR., and wife, | § | |
| DORINA JOY LEWIS | § | |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

### ORDER CONFIRMING DEBTORS' SUBCHAPTER V
### CHAPTER 11 PLAN OF REORGANIZATION

. On June 18, 2024, came on to be heard the confirmation of the Debtors in Possession Subchapter V Chapter 11 Plan of Reorganization dated April 3, 2024 and the Supplement to Subchapter V Chapter 11 Plan of Reorganization dated May 29, 2024 and Second Supplement to Subchapter V Chapter 11 Plan of Reorganization dated June 13, 2024 (hereinafter "Plan") (Docket No. 42), and there appeared the Debtors by and through their counsel, William R. Davis, Jr., Brad W. Odell (Subchapter V Trustee), Jeremy Flanneiy (United States Trustee) and Christopher Arisco (Counsel for PNC Bank). Copies of the Plan having been transmitted to all creditors and interest

holders, along with the Order on Debtors' Motion to Set Deadlines Pursuant to Interim Rule 3017.2 and a Ballot For Accepting or Rejecting Plan of Reorganization, the Court considered all pleadings on file, including the various Objections to Confirmation filed by creditors, all of which have been resolved prior to this hearing, and the Debtors' Second Amended Ballot Summary filed on June 3, 2024, and heard the evidence and argument of counsel and determined that the Debtors' Subchapter V Chapter 11 Plan of Reorganization should be confirmed, and makes the following findings of fact and conclusions of law:

1. The proponents of the Plan have complied with the applicable provisions of Chapter 11 of Title 11, United States Code;

2. The Plan has been proposed in good faith and not by any means forbidden by law;

3. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with the Plan, and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

4. The identity, qualifications and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtors after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is

equitable, and consistent with the interests of the creditors and equity security holders and with public policy;

5. The identity of any insider that will be employed or retained by the Debtors and his/her compensation have been fully disclosed;

6. No regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debto s, other than existing State and Federal agencies 6f any);

7. All administrative claims will be paid in full on or before the Effective Date of the Plan (or upon the approval of professional fees by the Court after notice and hearing), unless agreed to othetwise by the Debtors and such administrative creditor;

8. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any succesoor to the Debtors under the Plan;

9. The provisions of the Plan bind the Debtors, all creditors and parties in interest, whether or not such claims, interests or rights are impaired under the Plan and whether or not any of the foregoing have accepted or rejected 1he Plan;

10. The Plan complies with the applicable provisions of Chapter 11 of Title 11, United States Code;

11. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the Application of Section 5 of the Securities Act of19, 15 U.S.C. Section 77e;

12. The Court has jurisdiction over this bankruptcy case, the DebtoJS, and the subject matter of the confirmation hearing under 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" under 28 U.S.C. §157(b)(2) and the Court has Jurisdiction and authority to enter this Confirmation Ottler;

13. The Debtors are small business Debtors and have properly elected treatment under Subchapter V of the Bankruptcy Code;

14. The Debtors, and any other necessaty parties, shall be able to execute and deliver, or join in the execution and delivety of whatever instruments may be necessary to effect the transfers of property of the Debtors as required by the Plan (if any);

15. Upon the Debtors successfully completing the terms contained in the confirmed Subchapter V Chapter 11 Plan of Reorganization, the Debtors will have no further pre-confirmation liability to any creditor of the Debtors, including the Internal Revenue Service for any and all debts and liabilities included herein.

16. The Debtors agree to timely file all future tax returns with the Internal Revenue Service, including the payment of any tax liability, and timely request any extensions of time as are

L & B 10590/0005/L2197592.WPD/
**4876-5180-2052, v. 4**

nece saty.

17. The Effective Date of the Plan is defined as the 30th day following the entry of the Order Confirming Debtor's Subchapter V Chapter 11 Plan of Reorganization.

18. The court may make additional findings of facts and/or conclusions of law regarding the basis of this Order, which subsequent findings and conclusions shall supplement this Order;

19. The automatic stay of §362 will remain in effect until the completion of the Debtors' obligations contained in terms of the confirmed Plan.

20. Administrative claims, including Langley & Banack, Inc. and Brad W. Odell, Subchapter V Trustee, will have thirty (30) days from the entry of this Order to seek the allowance of their respective administrative claims; if an administrative claim is not timely filed as provided herein, such claims are disallowed in full for all purposes herein

21. Allowed administrative claims are to be paid pursuant to the terms contained in the Plan or in this Order or as agreed to between the Debtors and the allowed administrative creditor. The goal is to get the administrative claimants paid in full as soon as possible; payments to allowed administrative claims are to increase by agreement of the Debtors and administrative creditor as the Debtors' disposable income increases during the life of the Plan (if not paid in full at confirmation).

·22. SPECIAL SUBCHAPTER V PROVISIONS

1. The Plan is confirmed pursuant to 11 U.S.C. §1191(b) as a non-consensual Plan for the Debtors. The Reorganized Debtors shall act as Disbursing Agent and will be responsible for making all payments to creditors and other parties in interest under the Plan. The Debtors agree to provide Brad W. Odell with monthly reports detailing the payment made to their creditors pursuant to the terms· of the·Plan.

2. No later than 14 days after the Plan is substantially consummated, the Debtors shall file with the Court and serve upon the Sub V Trustee, U.S. Trustee, and all parties in interest, Notice of Substantial Consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2). Such Notice is to contain details/support regarding the payments which the Reorganized Debtors allege equate to substantial consummation under the terms of their confirmed Plan of Reorganization.

3. Pursuant to 11 U.S.C. §1192 and upon completion of all payments due under the Plan, the Debtors shall be and are hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(l)(A), except that the Debtors will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in§ 1192(2).

4. On the Effective Date of the Plan, property of the bankruptcy estate shall remain property of the bankruptcy estate until such time as the Debtors have completed all payments required under the Plan, notwithstanding the forgoing, the Debtors shall remain in possession of all property of the bankruptcy estate. If the Debtors' bankruptcy case is subsequently converted to Chapter 7, all property of the bankruptcy estate in the converted case shall automatically become property of the bankruptcy estate of the Debtors in the converted Chapter 7 case.

5. The Debtors shall file a Notice of the Effective Date of the Plan.

6. In the event that payments are not made by the Reorganized Debtors as required by the Plan and Confirmation Order, the holders of allowed claims in this case and other parties-in-interest shall have the right to either: (A). dismissal or conversion of this case pursuant to 11 U.S.C. §1112; or (B). enforce provisions of this Plan pursuant to the remedies available under applicable non-bankruptcy law. Creditors holding liens against particular assets of the Debtors shall also have the right to enforce any security interest in the event the Debtors fail to comply with the terms of the Plan or this Confirmation Order. The Bankruptcy Court shall retain jurisdiction to determine all matters related to enforcement of the Plan and Confirmation Order.

23. This Court retains jurisdiction pursuant to Article XIV of the Plan; it is therefore

ORDERED, ADJUDGED and DECREED that the Subchapter V Chapter 11 Plan of Reorganization filed by the Debtors on April 3, 2024, as modified by the Supplement to Subchapter V Chapter 11 Plan of Reorganization and Second Supplement to Subchapter V Chapter 11 Plan of Reorganization and this Order, is confirmed under Section 1191(b) as a non-consensual Plan for all purposes under the Bankruptcy Code; although the Plan is confirmed as a three (3) year Plan, Big Land Prep, LLC agrees to continue to make all secured creditor payments that co11-tinue after the three (3) term of the Plan; it is further

ORDERED, ADJUDGED and DECREED that, in the event of a conflict between the terms of the Subchapter V Chapter 11 Plan of Reorganization and this Confirmation Order, the terms of the Confirma ion Order shall govern; it is further

ORDERED, ADJUDGED and DECREED that the property of the bankruptcy estate shall remain property of the bankruptcy estate pursuant to 11 U.S.C. §1186 and the Debtors shall remain in possession of all property of the bankruptcy estate, subject to the rights, exemptions, claims and liens of creditors under this Plan. All property rights which are property of the Estate as defined in Section 1186 of the U.S. Bankruptcy Code, in the event of conversion of this case to a case under Chapter 7, become a part of the Estate and subject to administration by a Chapter 7 Trustee, subject to the Debtors' allowed claim of exemptions (which have been awroved); it is further

ORDERED, ADJUDGED and DECREED that August 17, 2024 is established as the deadline for the Debtors to file Objections to Claims (unless provided otherwise pursuant to an agreement between the Debtors and a creditor); however, an extension of the deadline for filing Objections to Claims may be granted by the Court upon the filing of a Motion requesting such extension prior to the expiration of the deadline; it is further

ORDERED, ADJUDGED and DECREED that all secured, priority and unsecured claims which were listed as disputed, contingent or unliquidated in Schedules D-F (as originally filed or amended) and for which no proof of claims were timely filed, are hereby disallowed in full; it is further

L & B 10590/0005/12197592.WPD/
**4876-5180-2052**, v. **4**

ORDERED, ADJUDGED and DECREED that the Debtors shall pay the U.S. Bankruptcy Clerk for the Western District of Texas the mailing costs incurred for the estate (if any); it is further

ORDERED, ADJUDGED and DECREED that this Court shall retain jurisdiction of this case for the purposes set forth in the Subchapter V Chapter 11 Plan of Reorganization, provided however, that the Debtors shall file an Application to Enter Final Decree within and Discharge upon completion of all payments of the Plan pursuant to 11 U.S.C. §1192; and it is further

ORDERED, ADJUGED and DECREED that Article XV, Section 15.18 is modified to read as follows:

15.18 Additional Post-Confirmation Duties of the Sub V Trustee. In addition to the duties set forth above and set forth under 11 U.S.C. §1183, duties of the Trustee, in the event the Plan is confirmed pursuant to 11 US.C. §1191(b), include those relating to;

i. The right to appear and be heard in any post-confirmation hearing in relation to any issue arising within the post-confirmation affairs of the reorganized Debtor;
ii. Right to acquire required bonding, which costs are to be satisfied out of Debtors' Plan payments under 11 U.S.C. §1191(d);
iii. Right to take all steps necessary to ascertain allowed claim amounts, to prepare and issue claims recommendations and to obtain court determinations on amounts of allowed claims and distributions;
iv. Right to declare the Plan in default and to issue demand to cure default and to take any other action necessary in the event of Plan default;
v. Rights to liquidate all remaining asserts, to collect accounts receivable, to pursue all avoidance actions or any other claims reserved for the post-confirmation estate upon default and failure to cure, upon motion and order of the Bankruptcy Court;
vi. Upon entry of an order granting the Trustee the right to represent the Debtors' estate, the rights to pursue avoidance claims or any other prepetition claims or causes of action on behalf of the estate;
vii. Rights to petition the Court to require Debtors to file any tax returns, to provide accounting and financial information to the Trustee, and rights to access Debtors' books and records;
viii. Power to retain professionals with Court approval; and

ix. Other matters reasonably necessary to ensure that the Plan payments are made on a full and timely basis, and filing of a final report; it is further

ORDERED, ADJUDGED and DECREED that the Debtors Sub V Chapter 11 Plan of Reorganization is modified as follows:

1. Section 6.5 of the Plan is deleted in full.
11. Section 7.3 of the Plan is amended to read as follows: Actions by the Debtors to Implement Plan. The entry of the Confirmation Order will constitute all necessary authorization for the Debtors to take or cause to be taken all actions necessary or appropriate to consummate, implement or perform all provisions of this Plan or and after the Effective Date.
iii. Section 7.6 of the Plan is modified to provide that the provision is only effective ·"to the extent that it is not inconsistent with the Bankruptcy Code and/or Local Rules".
iv. Section 8.5 of the Plan is modified as follows: The last sentence of the Section is amended to read - After such date, all Unclaimed Property will revert to the Reorganized Debtors and/or Brad Odell (Sub V Trustee) and the Claim of any holder with respect to such property will be discharged and forever barred.
v. Section 8.7 of the Plan is modified as follows: All Distributions of any kind made to any Creditor after Substantial Consummation will not be subject to relief, reversal or modification by any court unless the implementation of the Confirmation Order is stayed by an order granted under Bankruptcy Rule 8005.
vi. Section 12.1 of the Plan is amended to read as follows: The Plan will not become effective until the following conditions have been satisfied and which may occur concurrently with the Effective Date the Confirmation Order has been entered.
vn. Section 13.1 of the Plan is amended to read as follows: Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rules 9019, and in .consideration of the classification, potential Distributions and other benefits provided under the Plan, the provisions of the Plan will constitute a good faith compromise and settlement of all Claims, Interests and controversies subject to, or dealt with, under this Plan, including, without limitation, all Claims against the Debtors or Estate arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, fixed or contingent, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtors or the Estate. The entry of the Confirmation Order will constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements embodied in this Plan, and all compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings will constitute its determination that such compromises and settlements are in the best interest of the Debtors, the Debtors' bankruptcy Estate, Creditors and other parties-in-interest, and are fair, equitable and within the range of reasonableness. The rights afforded in the Plan and the treatment of all Claims and Interests herein will be in exchange for, and in

        complete satisfaction and release of, all Claims and Interests of any nature whatsoever against and in the Debtors, the Estate, and the Assets. <span style="color:red">Section 13.1 only applies to Claimants who voted in favor of the Plan.</span>

viii. Section 13.2 of the Plan is amended to add the following language at the end of the Section - "Such discharge shall not become effective until the Debtors' have .completed their payment requirements under the terms of this Plan.

1x; Sections 7.9 and 13.3 are deleted in full.

x. Section 13.5 - Recoupment is deleted in full.

xi. Section 13.7 - Automatic stay is deleted in full.

xu. Section 15.15 <u>Default</u> is modified to delete the requirement on any notice of default being sent under the Plan being required to be sent by certified mail - notice of default is only required to be sent by regular, first class mail.

xiii. Post-petition attorneys fees and amounts payable to th Subchapter V Trustee are subject to fee application to the Court which may be filed on twenty-one (21) day negative notice, and the entry of an Order approving such amounts prior to their payment.

ORDERED, ADJUDGED and DECREED that within three (3) days after the Effective Date of the Plan, counsel for the Debtors shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtors shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

###

Submitted by:

William R. Davis, Jr.
Langley & Banack, Inc.
745 E. Mulberry, Suite 700
San Antonio, TX 78212
Telephone: (210) 736-6600

ATTORNEYSFORTHEDEBTORS

Page 11

L & B 10590/0005/12197592.Wffi/
4876-5180-2052, v. 4